**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RONALD W. MEDINA,

                              *Plaintiff*,

  -against-

2269 CRESTON AVE LLC; CHANA EISNER; and BENJAMIN EISNER,

                              *Defendants.*

Civil Action No.

**COMPLAINT**

Plaintiff Ronald W. Medina ("Plaintiff") files this Complaint against defendants 2269 Creston Ave LLC; Chana Eisner; and Benjamin Eisner, (collectively, the "Defendants") and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

1

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a citizen of New York residing at 2304 Morris Avenue, Bronx, NY 10468.

6. Defendant 2269 Creston Ave, LLC (the "Entity Defendant") is a limited liability company organized and existing under the laws of the State of New York. As of the date of the filing of this complaint, this defendant is listed in the New York Department of State's records as an active entity with a process services address of 5314 16th Ave, Suite 310, Brooklyn, NY 11204.

7. Defendant Chana Eisner is a citizen of New York residing at 1536 38th St, Apt 2L Brooklyn, NY 11218. During the applicable time period covered by this lawsuit, Mrs. Eisner was involved in and/or controlled the employment and supervision of Plaintiff and was involved in and/or controlled the Entity Defendant's payroll policies and practices.

8. Defendant Benjamin Eisner is a citizen of New York residing at 1536 38th St, Apt 2L Brooklyn, NY 11218. Mr. Eisner is the husband of Mrs. Eisner. During the applicable time period covered by this lawsuit, Mr. Eisner was involved in and/or controlled the employment and supervision of Plaintiff and was involved in and/or controlled the Entity Defendant's payroll policies and practices.

9.      Upon information and belief, defendants Chana Eisner, and Benjamin Eisner (collectively, the "Individual Defendants") are the co-owners, shareholders, directors, supervisors, managing agents, and proprietors of the Entity Defendant, and each actively participates in the day-today operations of the Entity Defendant and acts intentionally and maliciously.

10.     Each of the Defendants is the private employer covered by the FLSA, 29 U.S.C. § 203(d), and New York Labor Law, § 190(3).

11.     The Individual Defendants exercise control over the terms and conditions of the Plaintiff's employment, in that they have and had the power to: (i) hire and fire the Plaintiff, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the Plaintiff, and (v) otherwise affect the quality of the Plaintiff's employment.

12.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Entity Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

13.     Plaintiff started working for Defendants on or about May 17, 2019, and the employment ended on or about September 9, 2020.

14.     Plaintiff was hired by Defendants to perform construction works in multiple dwellings owned and/or managed and/or being renovated by Defendants. The locations of the dwelling Plaintiff routinely worked are as follows: (1) 2307 Creston Ave, Bronx, NY 10468; (2) 2309 Creston Ave, Bronx, NY 10468; (3) 2271 Creston Ave, Bronx, NY 10453; (4) 2273 Creston

Ave, Bronx, NY 10453; (5) 2304 Morris Ave, Bronx, NY 10468; (6) 113 East 183rd St, Bronx, NY 10453. Throughout Plaintiff's employment, Defendant Benjamin Eisner occasionally drove Plaintiff to a few dwellings owned by Defendants in Pennsylvania.

15. Defendants continuously employed Plaintiff to work as a non-exempt employee for the Defendants' dwellings referenced above.

16. The work performed by Plaintiff was integral to the business. Plaintiff's job responsibilities consist of plumbing, taping drywall, painting, flooring, and general improvements.

17. From about December 2019 to February 2020, Plaintiff worked a regular schedule of five or six days per week, from 8am to 9pm. Plaintiff worked about 72 hours per week during this period.

18. At all other times of Plaintiff's employment, Plaintiff worked a regular schedule of six days per week, from 8am to 5pm, occasionally 6pm. Plaintiff worked about 55 hours per week during this period.

19. At the beginning of the employment, Plaintiff was paid a fixed rate of $1000 per week regardless of hours worked. From about March 2020 until the end of the employment, Plaintiff was paid a fixed rate of $900 per week regardless of hours worked.

20. Plaintiff routinely worked in excess of forty hours per week.

21. There was no written agreement or otherwise between Plaintiff and Defendants concerning payment of required overtime premium.

22. On September 8, 2020, Defendants in the course of directing Plaintiff's work directed Plaintiff to cut done NYPD barriers in order to use those materials for Defendants' personal gain.  Plaintiff refused and the following day, September 9, 2020, Plaintiff was terminated by Defendants.

23. Throughout the employment, Plaintiff did not receive any overtime pay from Defendants, at the rate of time and one-half his straight hourly rate, for any of the hours he worked beyond the forty (40) hours in any given week.

24. The flat weekly rate paid by Defendants to Plaintiff failed to account for and pay Plaintiff required overtime premium.

25. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates or pay; the number of regular hours worked; and the number of overtime hours worked, as required by law.

26. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

27. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

28. The relevant statutory period for purposes of this suit is the six year preceding the date of the filing of the complaint.

29. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime Wages

30. Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

35. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants failed to pay overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

37. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have

known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

39. Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

40. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

42. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

43. Plaintiff is also entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Overtime Wages

44. Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

45. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

46. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the statutory overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

47. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

48. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

49. Defendants failed to keep true and accurate records of hours worked by Plaintiff covered by an hourly minimum wage rate, the wages paid to Plaintiff, and other similar information in contravention of New York Labor Law § 661.

50. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours premium, reimbursement any illegal deductions from wages, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

51. Plaintiff is entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

52. Plaintiff is also entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to New York Labor Law § 663(1), 198.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

54. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

56. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

58. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

59. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Ronald W. Medina, respectfully requests that this Court grant the following relief:

i. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award for damages arising out of Defendants' illegal wage deductions;

iii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi. An award of prejudgment and post-judgment interest;

vii.  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

viii.  Such other and further relief as this Court determines to be just and proper.

ix.  Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

x.  Award Plaintiff such other, further and different relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:   December 1, 2020
         New York, NY

Respectfully Submitted,

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
(718) 669-0714
mgangat107@gmail.com