UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RONALD W. MEDINA

               Plaintiff,

     v.

2269 CRESTON AVE LLC; CHANA EISNER; and BENJAMIN EISNER,

               Defendants.

**MEMORANDUM & ORDER**
20-CV-5824 (HG) (VMS)

---

**HECTOR GONZALEZ**, United States District Judge:

Before the Court is an action brought by Plaintiff Ronald Medina against Defendants 2269 Creston Ave LLC, Chana Eisner, and Benjamin Eisner alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, and New York Labor Law, §§ 190–199(a). Defendants Chana and Benjamin Eisner ("Moving Defendants"), proceeding *pro se*, move to dismiss the complaint ("Motion").[1]  *See* ECF Nos. 53, 55. For the reasons set forth below, the Motion is denied.

## BACKGROUND

The Court assumes the parties are familiar with the history of the case and only includes information relevant to the Motion. On December 1, 2020, Plaintiff filed his Complaint, alleging he is owed unpaid overtime compensation. ECF No. 1. Moving Defendants answered the Complaint on March 24, 2021, denying all allegations. ECF No. 10.

---

[1] Moving Defendants' motion was also filed on behalf of Defendant 2269 Creston Ave LLC. However, 2269 Creston Ave LLC has defaulted. *See* ECF No. 36 (Clerk's Entry of Default). Additionally, an LLC, like any artificial person, can only appear in federal court through a licensed attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007).

The Court set a discovery schedule on November 16, 2021.  ECF Text Order (11/16/21).  Discovery deadlines were then extended on March 8, 2022, with initial disclosures and discovery demands (document requests and interrogatories) due June 15, 2022.  ECF Text Order (3/8/2022).  On July 1, 2022, Moving Defendants stated they had not received initial disclosures or discovery demands from Plaintiff and requested that the Court intervene.  ECF No. 40.  After the Court ordered Plaintiff to re-serve, ECF Text Order (7/6/2022), Plaintiff sent his discovery demands and initial disclosures to the address provided by Moving Defendants and noted service on the docket.  ECF No. 41.  Thereafter, Moving Defendants again claimed they had not received the documents.  ECF No. 42.  After another request from the Court, ECF Text Order (7/19/2022), Plaintiff mailed the documents to a new address and noted service on the docket.  ECF No. 44.  Moving Defendants then requested several extensions of time to complete discovery.  ECF Nos. 46, 47, 48, 49.

Moving Defendants filed a letter on February 17, 2023, alleging that Plaintiff had neither complied with their discovery demands, nor responded to their request for a settlement demand, and requested that the Court dismiss the case.  ECF No. 53 at 1–2 (asking the Court to dismiss the case "for failure of Plantiffs [sic] attorney to comply with [the Court's] direct order" and for failing to produce discovery).  Less than a month later, Moving Defendants again sought to dismiss the Complaint.  ECF No. 55 at 1 ("Plantiff's [sic] attorney is in direct violation of . . . this Honorable's [sic] Court order to send . . . a settlement proposal . . . and failure to comply with the demand of discoveries . . . .  I reiterate and respectfully request . . . the Honorable Court . . . dismiss this case with prejudice.") (emphasis in original).

As the Moving Defendants do not allege that the Complaint is legally deficient, the Court construes ECF Nos. 53 and 55 as a motion to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

As an initial matter, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The Court has attempted to do so here.

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, "dismissal for lack of prosecution is a harsh remedy and is only appropriate in extreme situations." *Morales v. Fourth Ave. Bagel Boy, Inc.*, No. 18-cv-3734, 2021 WL 7906501, at *18 (E.D.N.Y. July 7, 2022).[2] "Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Zang v. Daxi Sichuan Inc.*, No. 18-cv-06910, 2022 WL 18943171, at *7 (E.D.N.Y. Dec. 15, 2022).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations, internal quotation marks, and footnotes.

### A. Moving Defendants' Discovery Demands

Moving Defendants first argue that the case should be dismissed because Plaintiff has failed to produce discovery. ECF No. 53 at 1–2, ECF No. 55 at 1. Plaintiff disputes this—he claims that he has "never been served with discovery demands by the Moving Defendants" and that he "has already served all of the evidence in his possession as part of his initial disclosures at the outset of this litigation." ECF No. 58 at 2. Upon a review of the record, the Court finds that Plaintiff has provided at least some of the discovery that Moving Defendants have demanded when he filed his initial disclosures. ECF Nos. 41 at 24–71, 44 at 25–72. Moving Defendants, however, claim that they never received these documents. ECF No. 57 (stating that Moving Defendants have never been served a copy of ECF Nos. 37, 39, 41, and 44).

First, the Court does not find Moving Defendants' claim that they have not received Plaintiff's initial disclosures credible. As early as October 2022, Moving Defendants indicated that they needed "another reasonable extension of time to submit the documents that was [sic] finally recently rec[e]ived by Plaintiff's attorney," an obvious reference to Plaintiff's initial document requests and interrogatories. ECF No. 48 at 1. The Court is skeptical that Moving Defendants would have received Plaintiff's initial discovery demands, but not Plaintiff's initial disclosures, even though those documents were served on Moving Defendants at the same time. ECF No. 41, 44.

However, even if Moving Defendants assertion is true, and they have not received any discovery from Plaintiff, including his initial disclosures, the Court finds that dismissal for failure to prosecute is unwarranted. For one, it appears Plaintiff has made a good faith effort to send Moving Defendants discovery-related materials and to comply with all Court orders related to discovery. *See* ECF Nos. 41, 44. In addition, Moving Defendants are unlikely to be prejudiced by further delay in the proceedings, given that *they* have requested multiple

extensions over the last two years and have yet to respond to Plaintiff's discovery demands. *See* ECF Nos. 32, 38, 46, 48, 49. Under such circumstances, where there is no indication that Plaintiff has delayed this case or failed to comply with Court orders, the Court finds that dismissal for failure to prosecute is not warranted.

### B. Moving Defendants' Settlement Demand

Moving Defendants also assert that "in the last Court order (dated 2/1/23) the Court had directed the Plaintiff's attorney to comply with my demand for a request for settlement amount . . . as of today nothing was received." ECF No. 53 at 1. Moving Defendants argue that Plaintiff's noncompliance warrants dismissal of the action for failure to prosecute. *Id*. at 2, ECF No. 55 at 1 ("Plaintiff's attorney is in direct violation of this order to send by a certain date a settlement proposal.").

The Court is not aware of any such order. On January 25, 2023, Moving Defendants filed a letter "pursuant to the rules of the Court . . . hereby officially demand[ing] for you to set forward and send me a settlement amount." ECF No. 50 at 1. Moving Defendants reiterated this demand on January 27, 2023. ECF No. 51 at 1 ("we send [sic] a 'Notice of Settlement Demand'" to Plaintiff[']s attorney. As of today <u>nothing</u> has been rec[e]ived in response"), as well as asking the Court to "grant us time to comply with the demand's [sic] for discovery in a timely fashion." *Id.* at 2 (emphasis in original). Moving Defendants letter was docketed as a "MOTION for Extension of Time to Complete Discovery." *Id.* On February 1, 2023, the Court entered a Text Order directing Plaintiff to "respond to the motion at [ECF No.] 51 by 2/13/2023. No reply permitted." ECF Text Order (2/1/2023). Plaintiff filed his opposition to Moving Defendants' motion on February 13, 2023, asking the Court not to extend discovery any further, but did not mention Moving Defendants' request for a settlement amount. ECF No. 52.

5

Moving Defendants appear to have interpreted the Court's February 1, 2023, order as directing Plaintiff to send Moving Defendants a settlement demand. That was not the case. The Court was directing Plaintiff to respond to Moving Defendants' motion for an extension of time to complete discovery, which he did.[3] Under these circumstances, the Court finds that Plaintiff has not violated a Court order, and therefore there is no basis to dismiss the Complaint.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       April 19, 2023

---

[3] The Court additionally notes that Plaintiff asserts that: "At the outset of this litigation, Moving Defendants were provided a damages calculation and settlement demand." ECF No. 58 at 2.