UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RONALD W. MEDINA,

                      Plaintiff,

      -against-

2269 CRESTON AVENUE, LLC, CHANA
EISNER, and BENJAMIN EISNER,

                      Defendants.
------------------------------------------------------------ x

**ORDER**

20 Civ. 5824 (OEM) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      This is an action to recover damages for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law, NYLL §§ 190 et seq.; 650 et seq. and the corresponding New York regulations. Before the Court is pro se Defendant Benjamin Eisner's ("Mr. Eisner's") motion to appoint counsel at ECF No. 120. For the reasons stated below, Mr. Eisner's motion is granted. Mr. Eisner is informed that the Court will only request a volunteer attorney for him; it will not require any appointment. Mr. Eisner must represent himself unless and until a volunteer attorney accepts his case.

      If a party to an action is indigent and unable to afford counsel, the Court may request the appointment of an attorney. See 28 U.S.C. § 1915(e)(1). The "threshold question" for such an appointment is "whether the litigant is able to afford or otherwise obtain counsel." Esan v. Franklin Hosp., No. 10 Civ. 1301 (JS) (ARL), 2010 WL 2816329, at *1 (E.D.N.Y. July 15, 2010) (quoting Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994)). If the indigent party satisfies this requirement, the court must then weigh whether the indigent party's "position seems likely to be of substance[,]" followed by

> the [indigent party's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof

1

presented to the fact finder, the [indigent party's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

A motion to appoint counsel, even if successful, does not guarantee pro bono representation for an indigent litigant. This is because "a court has no authority to 'appoint' counsel, but instead, may only 'request' that an attorney volunteer to represent a litigant." McCaffrey v. Gatekeeper USA, Inc., No. 14 Civ. 493 (VSB), 2022 WL 2668257, at *2 (S.D.N.Y. July 11, 2022). "[U]ntil an attorney volunteers to represent [an indigent party], [that party] must continue to represent himself." Gaines v. New York City Dep't of Corr., No. 10 Civ. 189 (BSJ) (KNF), 2010 WL 4537040, at *3 (S.D.N.Y. Nov. 3, 2010).

Here, Mr. Eisner has sufficiently shown that he is unable to afford or otherwise obtain counsel. In his motion papers, Mr. Eisner has stated that he has been unemployed since 2002, and that his only sources of income are monthly social security disability payments and charitable contributions from his community. See ECF No. 120 at 2. Mr. Eisner has also "called many lawyers and law firms" to seek legal representation, only to have these attorneys decline to take Mr. Eisner's case. See id. at 1 (listing Mr. Eisner's inability to pay as one of the reasons Mr. Eisner has been unable to obtain counsel on his own). Thus, Mr. Eisner's application to proceed in forma pauperis is granted.

Mr. Eisner has also satisfied the requirements for appointment of counsel as outlined in Hodge. First, Mr. Eisner's "position seems likely to be of substance." Hodge, 802 F.2d at 61. Mr. Eisner has repeatedly indicated to the Court that he did not have responsibility for his co-Defendant wife's business interest, and that he never employed Plaintiff. See, e.g., ECF No. 14.

2

Over the course of this litigation, Mr. Eisner has filed affidavits on the docket from third parties with statements that support his position in this litigation. See ECF Nos. 23, 24, 115.

In addition, Mr. Eisner is presently unable to vigorously represent himself. The parties' potentially conflicting testimony is likely to be of particular import to a fact-finder, for which investigation, analysis and cross-examination may be necessary. Additionally, an attorney would be better able to conduct a legal investigation into ownership of the real property where Plaintiff claims to have worked, as there may be significant documentary evidence available to support Ms. Eisner's position. Mr. Eisner has previously represented on the record that he has several serious health conditions, which appear likely to limit his ability to investigate the facts of this case. See ECF No. 102 at 1. Plaintiff's claims, implicating both federal and state statutory and regulatory schemes, are sufficiently complex that Mr. Eisner would benefit from the assistance of counsel to raise a proper defense. See generally ECF No. 1. In sum, "the appointment of counsel would be more likely to lead to a just determination" of this case. Hodge, 802 F.2d at 62.

Although the Court grants Mr. Eisner's motion to appoint counsel, Mr. Eisner is reminded that the Court cannot compel an attorney to represent him without payment. The Court instead will request that an attorney volunteer to provide pro bono representation. Mr. Eisner must continue to represent himself pro se and adhere to all the Court's upcoming discovery deadlines until he obtains pro bono counsel.

The Court will mail a copy of this Order to Mr. Eisner at P.O. Box 1089, Brooklyn, New York 11219 and 1200 51st St., Apt. 1089, Brooklyn, New York 11219. The Court will also email a copy of this Order to the pro se attorneys' section of the Clerk's Office.

Dated: Brooklyn, New York
July 7, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge